# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

---

SHAVIS WRIGHT,

    Plaintiff,

v.                                             No. 1:17-cv-00409 WJ/KBM

CENTURION CORRECTIONAL
HEALTHCARE OF NEW MEXICO, LLC,
P. FARNUM, HSA, and
MICHELLE PAQUIN, NP,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Before the Court is Plaintiff's Second Amended Complaint for Negligence **(Doc. 9).** Having reviewed the record and afforded Plaintiff an opportunity to demonstrate why the case should remain in federal court, the Court concludes it must dismiss the case without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff is an inmate at the Northeastern New Mexico Correctional Facility ("NNMCF"). In this lawsuit, he claims the Defendants were negligent in diagnosing and treating his stroke. Plaintiff initially appeared *pro se* and *in forma pauperis,* filing several civil rights complaints under 42 U.S.C. § 1983 and the Eighth Amendment. He then obtained counsel, who filed the Second Amended Complaint for Negligence (the "Amended Complaint").

The Amended Complaint alleges that on June 27, 2016, Plaintiff visited NNMCF's medical

unit after experiencing weakness, dizziness, and partial paralysis on his right side. His gait was unstable, and he could not flex his right foot. Despite these symptoms and a family history of stroke, Defendants Farnum and Paquin released Plaintiff from the medical unit without treatment.

Plaintiff continued to complain for several weeks. He returned to the medical unit on or about July 14, 2016, at which time Defendants determined he had suffered a stroke and transferred him to a treatment facility. The delay in treatment allegedly increased the side effects of the stroke. The Amended Complaint asserts claims for negligence (Count 1) and violation of regulations concerning inmate care (Count II). It does not raise any civil rights claims.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2), an *in forma pauperis* complaint may be dismissed *sua sponte* "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." As part of the § 1915 review, the Court may consider whether it has subject-matter jurisdiction over the action. *See Rahab v. Freeman,* 612 Fed. App'x 528, 529 (10th Cir. 2015); *Brodzki v. Clear Channel Communications,* 459 Fed. App'x 717, 718 (10th Cir. 2012). Subject-matter jurisdiction exists where: (1) the parties' citizenship is diverse and the amount in controversy exceeds $75,000; or (2) the face of the complaint raises a federal question. *See* 28 U.S.C. §§ 1331, 1332; *Karnes v. Boeing Co.,* 335 F.3d 1189, 1192 (10th Cir. 2003).

The Court previously reviewed the Amended Complaint and determined it does not satisfy either basis for jurisdiction. Diversity does not exist because Plaintiff is not "of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Texas Intern. Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) (citing 28 U.S.C. § 1332). The negligence claims also appear to be firmly grounded in state law. *See Wall v. Tanner Clinic,* --- Fed. App'x ---, 2017 WL 2772118, * 1 (10th Cir. June 26, 2017) (noting "the complaint [does not]

2

state a substantial federal question; it merely alleges a state law medical malpractice claim").

By an Order entered August 7, 2017, the Court directed Plaintiff to show cause, if any, why the case should remain in federal district court. In response, Plaintiff's counsel concedes that "there is insufficient evidence to establish subject matter jurisdiction" at this stage in the proceeding. (**Doc. 14, p. 1**). The Court will therefore dismiss the case without prejudice for lack of subject matter jurisdiction. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED** without prejudice. A Final Judgment shall issue separately.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE